## HALL *vs.* BALDWIN, PHELPS & CO.

[GARNISHMENT ON JUDGMENT.]

1. *Negotiable note subjected by garnishment.*—A bill in chancery having been filed, against both vendor and purchaser, seeking a recovery of either the land itself or the unpaid notes for the purchase-money ; and the notes, which were negotiable and payable in bank, being thereupon placed in the hands of a bailee, by agreement between the maker and the payee, to abide the final determination of the suit,—the amount due on the notes may, after their maturity, and after the final dismissal of the bill in chancery, be subjected by garnishment against the maker, at the suit of the payee's creditors.

2. *Judgment against garnishee corrected and affirmed.*—A judgment against a garnishee, in favor of a judgment creditor, should be for the aggregate amount of the plaintiff's judgment, with interest and costs, if less than the amount of the admitted indebtedness, and should specify the amount ; but, if the record shows the facts, the appellate court will correct the judgment, at the costs of the appellant, and render judgment for the proper amount.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. THOS. A. WALKER.

THE appellant was summoned, on the 29th December, 1851, by process of garnishment, at the suit of the appellees, as the debtor of A. S. Aycock, against whom the appellees had recovered a judgment, in said circuit court, on the 29th February, 1847, for $1065 66; and filed an answer, in these words : "John Hall, garnishee in this cause, for answer thereto, says, that he was not indebted to said A. S. Aycock, at the time of the service of the garnishment, otherwise than that, in March or April, 1850, he

agreed to purchase from said Aycock a tract of land, situated in Mobile county, and known as the 'Clements' old mill;' for which he agreed to pay $1750, paid $250 cash, and, upon the consummation of the purchase, executed to said Aycock his two promissory notes, for $750 each, endorsed by Joseph Hall, negotiable and payable at the Bank of Mobile; one due on the 1st November, 1851, and the other on the 1st May, 1852. Some time before the service of this garnishment, Jane Clements, Adeline Clements, and Samuel Clements, heirs of Joshua Clements, deceased, commenced suit against said Aycock, this respondent and others, for the recovery of said land, or the amount of said promissory notes; which suit is now pending in the chancery court of Mobile. Upon the commencement of said suit, or soon afterwards, said notes were deposited with Henry Chamberlain, esq., upon a written agreement between this respondent and said Aycock, that they were to remain in the hands of said Chamberlain until the final determination of said suit; and if the said Clements should recover in said suit, the amount to the extent of such recovery to be deducted from said notes by this respondent; and if they should fail in said suit, then the said notes to be given up to the said Aycock. This affiant, further answering, says, that he has been informed by said Aycock, that his wife, Mrs. Jane Aycock, is the beneficial owner of said notes; therefore, respondent does not admit any indebtedness to said Aycock at the time of the service of said garnishment; nor has he any effects, nor had he at that time any property of said Aycock in his possession; nor does he know of any other person who is indebted, or who has effects or property in his or their possession."

This answer was filed on the 20th April, 1852; and a citation was thereupon issued to Mrs. Jane Aycock, and to said Jane, Adeline and Samuel Clements, to appear and contest with the plaintiffs their respective rights to the notes. In obedience to the citation, Mrs. Aycock appeared, and an issue was made up between her and the plaintiffs, which was found against her; and a judgment was thereupon rendered, establishing the plaintiff's right,

as against her, to the condemnation of the proceeds of the notes. The other parties cited having failed to appear, a similar judgment was rendered against them.

On the 3d May, 1856, judgment final was rendered against the garnishee, which, after reciting the appearance of the parties, and setting out the answer in full, proceeds thus: "And judgments having been heretofore duly rendered against the several claimants suggested in the answer of the said garnishee; and it being admitted that the chancery suit therein described has been finally determined, and that the complainants in said suit have wholly failed therein; and it appearing to the court that the defendant is indebted to the plaintiffs, by a judgment rendered in the county court of Mobile on the 29th February, 1847, for the sum of $1,000, besides $14 06 costs of suit: It is therefore considered by the court, that the plaintiffs have and recover of said John Hall, garnishee as aforesaid, the said sum of $1,000, with the interest thereon, and the said sum of $14 06 costs of said original suit, together with the costs of this proceeding; which sums shall be a discharge, to that extent, of the indebtedness of said garnishee to said A. S. Aycock."

The judgment against the garnishee is assigned as error.

JOHN T. TAYLOR, for the appellant.

A. J. REQUIER, contra.

STONE, J.—Without determining what our decision would be, if this record showed that the judgment was rendered before the maturity of the notes, we think the circuit court did not err in deciding that the plaintiff was entitled to a judgment against the garnishee. The notes, though payable in bank, were overdue when the judgment was rendered; and it is inferable from the record that they had matured before they became the absolute property of Aycock, under the second arrangement. Under these circumstances, no subsequent transfer of the notes by Aycock could expose the garnishee to another recovery on them. The recital in the record shows, that the

parties admitted that the contest on the validity of the transfer had been abandoned and determined; and there existed no reason why judgment should not have been rendered against the garnishee.

In rendering the final judgment against the garnishee, the circuit court committed a clerical error. That judgment was rendered on the 3d day of May, 1856. It should have specified the amount for which judgment was then rendered, and should not have left the amount uncertain, to be ascertained by a computation of interest. The record, however, contains sufficient facts to enable us to render such judgment as the circuit court should have rendered. The amount due from the garnishee, according to his answer, was, on May 3d, 1856, about two thousand and ten dollars.

The judgment of the circuit court is reversed; and this court, proceeding to render such judgment as the circuit court should have rendered, doth hereby order and adjudge as follows : Came the parties by their attorneys; and it appearing to the satisfaction of the court, from the answer of the garnishee, and the admissions of the parties, made in open court, that at the time the garnishee was summoned, he was indebted to the defendant, A. S. Aycock, by two promissory notes, which, together with interest up to May 3d, 1856, amount to about the sum of two thousand and ten dollars, which is still due; and it being shown to the court that, on the 27th day of February, 1847, the plaintiffs recovered a judgment, in the county court of Mobile county, against the defendant, A. S. Aycock, for the sum of one thousand dollars, besides the sum of fourteen 6-100 dollars costs of suit, the whole of which is unpaid ; and the amount of said judgment, with interest thereon up to May 3d, 1836, including said costs, being the sum of seventeen hundred and twenty-nine 50-100 dollars : It is therefore, on motion of plaintiffs, considered and adjudged by the court, that the plaintiffs recover of said garnishee, John Hall, said sum of seventeen hundred and twenty-nine 50-100 dollars, together with the costs of said garnishment proceedings in the court below; it appearing that such recovery and costs

do not exceed the amount due from the garnishee to Aycock. This judgment to bear interest from May, 3d 1856. Let the costs of this appeal be paid by the appellant.